Date signed October 15, 2014



JAMES F. SCHNEIDER
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | * | |
| EMPIRE TOWERS CORPORATION, | * | Case No. 10-34611-JS |
| Debtor | * | (Chapter 7) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JOSEPH J. BELLINGER, | * | |
| Plaintiff/Trustee, | * | |
| v. | * | Adv. Proc. No. 12-00713-JS |
| THE BANK OF GLEN BURNIE | * | |
| and | | |
| EMPIRE CORPORATION, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

***MEMORANDUM OPINION GRANTING MOTION TO DISMISS***

This matter comes before the Court upon the defendant Bank of Glen Burnie's motion to dismiss the Amended Complaint filed by the Chapter 7 Trustee to recover fraudulent conveyances.  For the reasons set forth, the motion to dismiss will be granted.

## FINDINGS OF FACT

1. Wilfred T. Azar, III ("Azar"), is the owner and principal of Empire Towers Corporation ("the debtor," or "Towers"), Empire Holdings Corporation ("Holdings"), Empire Corporation ("Corp."), and Empire Management Services, LLC ("Management").  Amended Complaint, ¶ 4.

2. As of the October 27, 2010, Towers owned real property at 7300 and 7310 Governor Ritchie Highway, Glen Burnie, Maryland 21061( "Towers Property"), in which Towers leased office and retail space to various tenants for rent payable to Towers in monthly installments.  Amended Complaint, ¶¶ 17, 21, 23.

3. Azar directed the tenants to make their rental payments to Corp., a separate legal entity, which deposited the rents into its own account.  Amended Complaint, ¶ 23.

4. Corp. retained some of the rent proceeds for its own use and transferred some to third parties, including the Bank of Glen Burnie ("Bank").  Amended Complaint, ¶¶ 26-27.

5. Corp. owns property at 500 and 502 Crain Highway, Glen Burnie, Maryland 21061 ("Corp. Property"), and derives rent from its long-term tenant, Enterprise Leasing Co. of Baltimore. Defendant's Exhibit Nos. 1-4.

6. The Bank made a loan to Corp. secured by both a deed of trust on Corp. Property as well as two assignments of rents generated by Corp. Property. Defendant's Exhibit Nos. 5-7.

7. On October 27, 2010, Towers filed a voluntary Chapter 11 petition in this Court. Amended Complaint, ¶ 7.

8. On April 27, 2011, upon the motion of the United States Trustee [P. 71], Joseph J. Bellinger ("plaintiff," or "Trustee") was appointed Chapter 11 Trustee [P. 78], and upon a motion to convert filed by the United States Trustee [P. 79], this Court converted the case to a proceeding under Chapter 7 by order dated May 16, 2011 [P. 83]. Amended Complaint, ¶ 8. The appointment of the Trustee and the conversion of the case to Chapter 7 were based upon allegations by the United States Trustee that a deficiency existed in "the debtor-in-possession bank accounts of net rental income from the debtors' operations," that "the debtors have never filed with the Court ANY reports of operations since filing the cases," and that "[u]pon information and belief, substantial rental income has been diverted from these debtors-in-possession or, at least is unaccounted for." U.S. Trustee's Motion for the Appointment of a Chapter

3

11 Trustee, or in the Alternative, to Convert Case to Chapter 7 [P. 71], filed April 7, 2011[[emphasis in the original motion].

9. Holdings also filed bankruptcy on October 27, 2010, but Corp. did not. Amended Complaint, ¶ 12. 4.[1]

10. On October 25, 2012, the Trustee filed the instant adversary proceeding to recover fraudulent conveyances from the Bank and Corp.

11. On March 4, 2013, the Bank filed the instant motion to dismiss the amended complaint on the basis that the Trustee's claims against the Bank are barred by Section 550(b)(1) of the Bankruptcy Code, and that the complaint should be dismissed for failure to state a cause of action under Federal Rule of Civil Procedure 12(b)(6), (c), and (d).

## *CONCLUSIONS OF LAW*

### SUBJECT MATTER JURISDICTION AND VENUE

1. This bankruptcy court has subject matter jurisdiction over the instant adversary proceeding pursuant to 28 U.S.C §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C §1409. This complaint is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1]Because Corp. is a corporate entity, it may not be heard except through an attorney admitted to practice before this Court.

## MOTIONS TO DISMISS

2. Federal Rule of Civil Procedure 12(b)(6) requires the dismissal of a complaint that fails to state a claim upon which relief can be granted. Pursuant to the rule, this Court must accept as true all well-pleaded allegations contained in the complaint, construing them in a light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

3. A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929, 949 (2007).

4. A claim has "facial plausibility" when the well pleaded facts allow the court to draw a "reasonable inference" that the elements of the claim have been satisfied and the "defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868, 884 (2009).

## FRAUDULENT CONVEYANCES

5. The amended complaint alleged the following four causes of action against the Bank: Count II for fraudulent conveyance, citing Section 548(a)(1)(A) of the Bankruptcy Code; fraudulent conveyance under Section 548(a)(1)(B) of the

Bankruptcy Code (Count IV);[2] fraudulent conveyance under Maryland's Fraudulent

---

[2]Section 548(a)(1)(A) and (B) provide as follows:

### § 548. Fraudulent transfers and obligations

(a)(1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily–

(A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

(B)(I) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

(III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

(IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

Conveyance Act, Md. Comm. Law Code §§ 15-201, *et. seq.* (made applicable by Section 544 of the Bankruptcy Code[3] (Count VI ); and for turnover to avoid transfer

---

11 U.S.C. § 548(a) and (b).

[3]Section 544 provides as follows:

**§ 544. Trustee as lien creditor and as successor to certain creditors and purchasers**

(a)  The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

(b)(1) Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this

under Section 550[4] of the Bankruptcy Code (Count VIII). Amended Complaint, ¶¶

---

> title or that is not allowable only under section 502(e) of this title.
>
> (2) Paragraph (1) shall not apply to a transfer of a charitable contribution (as that term is defined in section 548(d)(3)) that is not covered under section 548(a)(1)(B), by reason of section 548(a)(2). Any claim by any person to recover a transferred contribution described in the preceding sentence under Federal or State law in a Federal or State court shall be preempted by the commencement of the case.

11 U.S.C. § 544.

[4] **§ 550. Liability of transferee of avoided transfer**

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553 (b), or 724 (a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
>
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
>
> (2) any immediate or mediate transferee of such initial transferee.
>
> (b) The trustee may not recover under section (a)(2) of this section from—
>
> (1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or
>
> (2) any immediate or mediate good faith transferee of such transferee.

11 U.S.C. § 550.

36-37, 43-46, 54-59, 63-65.

## RATIONALE FOR GRANTING THE BANK'S MOTION TO DISMISS

### (a) BANK NOT CULPABLE

6. In choosing to assert these causes of action against the Bank, the Trustee has sued the least culpable party to the alleged fraudulent transactions. The Trustee has made no allegation that the Bank had knowledge that Azar diverted funds from one corporation under his control to another one, namely Towers to Corp. The Bank accepted funds that were legitimately owed to it by Corp., and was not required to investigate whether the rent payments were coming from a different source, namely Towers. *Bonded Fin. Serv., Inc. v. European Am. Bank*, 838 F.2d 890, 892-93 (7th Cir.1988).

7. Section 550(a) distinguishes between (1) initial transferees and (2) any immediate or mediate transferee of such initial transferee. The Trustee argues that under the test set forth in *Bonded*, Corp. does not qualify as a transferee, and thus cannot be the initial transferee. The *Bonded* court indicated that the minimum requirement to qualify as a transferee is "dominion over the money or other asset, the right to put the money to one's own purposes." *Id* at 893. The facts of this case differ substantially from those of *Bonded*. *Id* at 891-892. This court finds that Corp. qualifies as a transferee under the *Bonded* test, and was the initial transferee of the

rents. Therefore, the Bank is not the initial transferee, but an immediate or mediate transferee of Corp., and is eligible to assert § 550(b) to avoid liability.

8. Section 550(b) exculpates the Bank from liability because it provides that "The trustee may not recover under section (a)(2) of this section from (1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or (2) any immediate or mediate good faith transferee of such transferee." *Id*.

### (b) NO ANTECEDENT DEBT

9. In addition, there can be no fraudulent conveyances to the Bank unless they were made to satisfy an antecedent debt. Because there were no debts due the Bank from Towers, the debtor, the complaint to recover fraudulent conveyances from the Bank must be dismissed.

### (c) TRUSTEE'S CAUSE OF ACTION IS AGAINST AZAR, NOT THE BANK

10. If there is a culpable party to the transactions in question, Azar is that party. It was he who diverted funds from Towers to pay the legitimate debts of Corp., and it was he from whom the Trustee should have sought redress.

WHEREFORE, the motion of the Bank to dismiss the amended complaint will be GRANTED.

*ORDER ACCORDINGLY.*


cc:   Sebastian Forgues, Esquire
      Weiner Brodsky Kider PC
      1300 19th Street, NW, Fifth Floor
      Washington, D.C.  20036

      James M. Hoffman, Esquire
      Gregory P. Johnson, Esquire
      Maurice Belmont VerStandig, Esquire
      Offit Kurman, P.A.
      4800 Montgomery Lane, 9th Floor
      Bethesda, MD 20814
      Counsel for the Plaintiff/Trustee

      Joseph J. Bellinger, Esquire
      Offit Kurman, P.A.
      300 East Lombard Street, Suite 2010
      Baltimore, Maryland  2120
      Plaintiff/Trustee

      William Mark Rudow, Esquire
      Rudow Law Group, LLC
      5603 Newbury St
      Baltimore, Maryland  21209
      Counsel for the Defendant The Bank of Glen Burnie

      The Bank Of Glen Burnie
      101 Crain Highway, S.E.
      Glen Burnie, Maryland  21061
      Defendant

11