Date signed April 15, 2015



JAMES F. SCHNEIDER
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | Case No.   10-34611-JS |
| EMPIRE TOWERS CORPORATION, | * | |
| | | Chapter    7 |
| Debtor | * | |

\*   \*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| JOSEPH J. BELLINGER, | * | |
| Plaintiff, | * | |
| vs. | * | Adversary No.  12-00713-JS |
| THE BANK OF GLEN BURNIE and | * | |
| EMPIRE CORPORATION, | * | |
|    \* | | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION**

This matter comes before the Court upon the plaintiff's Motion for Reconsideration of Order Granting Defendant's Motion to Dismiss [P.54 ].  For the reasons set forth, the motion will be denied.

## FINDINGS OF FACT

1.  The Complaint in the instant adversary proceeding was filed on October 25, 2012.  On March 4, 2013, the Bank of Glen Burnie ("the defendant") filed a motion to dismiss.  A hearing was held on July 15, 2013, after which the parties filed post-hearing memoranda.  On January 6, 2014, a second hearing was held, after which the parties filed stipulations of fact.  On October 15, 2014, this Court issued a memorandum of opinion that granted the motion to dismiss.

2.  On October 23, 2014 the plaintiff filed the instant motion to reconsider.  The defendant filed a response on October 27, 2014.

3.  The facts of this adversary proceeding are undisputed.

## CONCLUSIONS OF LAW

1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. § 1409.  This complaint is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The instant motion to reconsider was filed pursuant to Federal Rule of Bankruptcy Procedure 9023, which provides the basis for altering or amending a judgment.

3. The Motion to Reconsider must be denied because the plaintiff did not satisfy the requirements of the rule by presenting "(1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice." *American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003).

4. The plaintiff makes two arguments in his motion for reconsideration: (1) the Court did not properly apply the Fourth Circuit standard for 11 U.S.C. § 550; and (2) that this Court's opinion confused the elements of a preferential transfer with those of a fraudulent conveyance.

## MISAPPLICATION OF 11 U.S.C. § 550

5. The premise of the plaintiff's first argument is that this Court misinterpreted the decision in *Bonded Fin. Serv. v. European Am. Bank*, 838 F.2d 890 (7th Cir. 1998). The plaintiff laid out in its motion the proper standard for analyzing claims pursuant to 11. U.S.C. § 550. The Fourth Circuit adopted the reasoning of the Seventh Circuit in *Bonded*, *supra*, and explained that the *Bonded* standard requires "legal dominion and control over the funds transferred." Id. at 155. It clarified the term

"transferee" used in § 550 by stating that it "must mean something different from 'possessor' or 'holder' or 'agent.'" Id. at 156. *Bowers v. Atlanta Motor Speedway (In re Southeast Hotel Props. Ltd. P'shp.)*, 99 F.3d 151, 155-56 (4th Cir. 1996). As the Seventh Circuit stated in *Bonded*, *supra*, at 894, "to treat 'transferee' as 'anyone who touches the money' and then to escape the absurd results that follow is to introduce useless steps." *Id*.

      6. The facts of the instant adversary proceeding differ substantially from those in *Bonded*. There the debtor sent a check to the bank, with a note directing that the bank deposit the check into the account of one Michael Ryan, who controlled the debtor. The bank complied, and ten days later, Ryan used the funds to pay off a loan relating to a separate business venture. The trustee sought have the court deem the bank to be the initial transferee, which the court refused to do. *Id*. at 891-94.

      7. In the instant case, based on the stipulated facts, the debtor's affiliate, Empire Corporation ("Corp."), paid elevator maintenance fees owed by the debtor and other payments on behalf of debtor to Anne Arundel County. It also used the funds in question to pay some of its own expenses. Corp. cannot be equated to the bank in *Bonded*, because Corp. was not merely a possessor, holder or agent.

## MISAPPLICATION OF ELEMENTS OF FRAUDULENT TRANSFERS AS OPPOSED TO PREFERENTIAL TRANSFERS

8. Likewise, the second argument is unfounded. Plaintiff asserts that the section of the Bankruptcy Code involving antecedent debts is not 11 U.S.C. § 550, but rather § 547, making it inapplicable to fraudulent conveyances as opposed to preferential transfers.

9. Nevertheless, section 550(b)(1) provides that a "trustee may not recover under section (a)(2) of this section from – (1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debtor, in good faith, and without knowledge of the voidability of the transfer avoided . . ." *Id*. Accordingly, this Court held that under the *Bonded* test, Corp. qualified as a transferee and was the initial transferee of the rents. Therefore, the Bank was not the initial transferee, but an immediate or mediate transferee of Corp., and was eligible to assert the defense of Section 550(b) to avoid liability.

10. It is not disputed that the Bank received the payments from Corp. in good faith and in satisfaction of antecedent debts. Subsection 550(b)(1) applies to the the Bank and bars the Trustee from recovering the rents.

WHEREFORE, The motion to reconsider will be **DENIED**.

**ORDER ACCORDINGLY.**

cc: Sebastian Forgues, Esquire
Weiner Brodsky Kider PC
1300 19th Street, NW, Fifth Floor
Washington, D.C. 20036

James M. Hoffman, Esquire
Gregory P. Johnson, Esquire
Maurice Belmont VerStandig, Esquire
Offit Kurman, P.A.
4800 Montgomery Lane, 9th Floor
Bethesda, MD 20814
Counsel for the Plaintiff/Trustee

Joseph J. Bellinger, Esquire
Offit Kurman, P.A.
300 East Lombard Street, Suite 2010
Baltimore, Maryland 21201
Plaintiff/Trustee

William Mark Rudow, Esquire
Rudow Law Group, LLC
5603 Newbury St
Baltimore, Maryland 21209
Counsel for the Defendant The Bank of Glen Burnie

The Bank of Glen Burnie
101 Crain Highway, S.E.
Glen Burnie, Maryland 21061
Defendant